### MENTZER v STERN

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 11423. Decided May 11, 1931

G. E. Beach, Cleveland, for Mentzer.

J. Metzenbaum, and E. Blythin, Cleveland, for Stern.

JUSTICE, PJ, CROW and KLINGER, JJ, (3rd Dist), sitting.

CROW, J.

The only question for determination is the meaning of the written contract between the parties, so far as it pertains to liability of defendant, Stern, beyond the five

cents per bottle, which compensation is not in dispute.

Without quoting the contract in full it is quite enough to say that the parties themselves have expressly limited the liability of each party by these plain words:

"It is understood by both parties that no obligation whatsoever is attached to either, except that of a gentleman's agreement that one will try to market the item and the other will turn over the formula to him."

It must be held that in the employment of the word "obligation" the parties intended it to be the equivalent of liability.

There can be no doubt, when the contract is regarded in all its parts, that Mentzer was to furnish the formula and Stern was to endeavor to market the article which was the subject of the formula.

It follows that the trial court did not err in refusing to admit the evidence offered in behalf of plaintiff and that the judgment for defendant as to the $500.00 stipulation is correct.

The judgment is affirmed.

JUSTICE, PJ, and KLINGER, J, concur.